**Shun Ying DONG and Zheng Cheng, Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**Nos. 03–4278–AG(L), 03–4279–AG NAC.**

United States Court of Appeals, Second Circuit.

Dec. 23, 2005.

---

Theodore N. Cox, Law Office of Theodore N. Cox, New York, New York, for Petitioners.

Mary C. Roemer, Assistant United States Attorney, Office of the United States Attorney for the Northern District of Georgia, Atlanta, Georgia, for Respondent.

PRESENT: Hon. WALKER, Chief Judge, Hon. GUIDO CALABRESI, and Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Shen Ying Dong and Zheng Cheng petition for review of an order of the BIA summarily affirming an order of an immigration judge ("IJ") denying their applications for asylum, withholding of removal, and Convention Against Torture ("CAT") relief, and ordering them removed to China. We assume the parties' familiarity with the facts, procedural history, and specification of appellate issues and hold as follows:

This court reviews an IJ's factual findings under the substantial evidence standard, and, as such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)). Credibility determinations are also typically reviewed under the substantial evidence standard of review, and this court's review of an adverse credibility determination is "highly deferential." *Xu Duan Dong v. Ashcroft,* 406 F.3d 110, 111 (2d Cir.2005) (per curiam). Precisely because a reviewing court cannot glean from a hearing record the insights necessary to duplicate the fact-finder's assessment of credibility, this court's inquiry is exceedingly narrow and the IJ's " 'administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.' " *Id.* at 111 (quoting 8 U.S.C. § 1252(b)(4)(B)).

■ Although the IJ's determination that Dong and Cheng were not credible was based in part on the IJ's observation that Dong and Cheng had testified inconsistently with respect to why Cheng had

been fired from his position as a cook, a minor discrepancy that did not "go to the heart" of their asylum claims, *see Diallo,* 232 F.3d at 288, the IJ's remaining reasons for the adverse credibility finding are supported in the record and are directly related to Dong's and Cheng's claims regarding their alleged past persecution. Specifically, the IJ correctly observed that (1) Cheng had not mentioned Dong's alleged abortion in his initial application for asylum or his first removal hearing; (2) the letter from Cheng's father did not mention the abortion and stated that Cheng had fled China in October 1992, approximately one month before the alleged abortion and detention of Cheng by the birth control officials in November 1992; (3) Dong's testimony was inconsistent as to whether Cheng knew she had an IUD inserted and when she disclosed such information to him; and (4) Dong's testimony that she did not want to have an IUD, be sterilized, or have an abortion because she was Catholic and that she had become pregnant again after the birth of their son was inconsistent with Cheng's testimony that Dong used oral contraceptives during this period.

Accordingly, because the IJ provided specific reasons in support of her determination that Dong and Cheng had not testified credibly and cited to numerous examples in the record of contradictory evidence and testimony, the IJ's finding is supported by substantial evidence. Thus, the IJ properly denied Cheng's and Dong's applications for asylum and withholding of removal. Additionally, because Cheng and Dong did not present any credible evidence that they will be tortured if returned to China, and any term of imprisonment or fine imposed on Dong as a result of her illegal departure appears will apparently arise from a lawfully imposed sanction, the IJ properly denied their claims for CAT

relief as well. *See* 8 C.F.R. § 208.18(a)(3) (noting that torture does not include pain or suffering arising only from, inherent in or incidental to lawful sanctions). Finally, the petitioners' claim that the BIA's use of its expedited procedure, *see* 8 C.F.R. § 1003.1(e)(4), denied them due process is devoid of merit. *See Yu Sheng Zhang v. United States Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004) (upholding the streamlining regulations). Moreover, these cases were appropriate for expedited consideration. *See* 8 C.F.R. § 1003.1(e)(4).

For these reasons, the petition for review is DENIED, and the pending motion for a stay of removal is DENIED.